1 MANATT, PHELPS & PHILLIPS, LLP
   NATHANIEL L. BACH (Bar No. CA 246518)
2 *NBach@manatt.com*
   2049 Century Park East
3 Suite 1700
   Los Angeles, California  90067
4 Telephone:     310.312.4000
   Facsimile:     310.312.4224
5
   THOMAS WORGER (Bar No. CA 311312)
6 *TWorger@manatt.com*
   KYLA NÚÑEZ (Bar No. CA 329484)
7 *KNunez@manatt.com*
   One Embarcadero Center
8 30th Floor
   San Francisco, California  94111
9 Telephone:     415.291.7400
   Facsimile:     415.291.7474
10
   Attorneys for Defendant
11 STICHTING EUROPEAN CLIMATE
   FOUNDATION
12

13               UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15

16 X CORP., a Nevada corporation,          No. 3:23-cv-03836-CRB

17               Plaintiff,                 **DEFENDANT STICHTING**
                                           **EUROPEAN CLIMATE**
18        v.                                **FOUNDATION'S NOTICE OF**
                                           **MOTION AND MOTION TO DISMISS;**
19 CENTER FOR COUNTERING DIGITAL            **MEMORANDUM OF POINTS AND**
   HATE, INC., a Washington, D.C. non-profit **AUTHORITIES IN SUPPORT**
20 corporation; CENTER FOR COUNTERING       **THEREOF; NOTICE OF JOINDER**
   DIGITAL HATE LTD., a British non-profit  **AND JOINDER IN CCDH'S MOTION**
21 organization; STICHTING EUROPEAN         **TO DISMISS**
   CLIMATE FOUNDATION; and DOES 1
22 through 50, inclusive,                    [*Filed concurrently herewith:*
                                           *(1) Declaration of Morgan Després;*
23               Defendant.                 *(2) [Proposed] Order.*]

24                                          Hon. Charles R. Breyer

25                                          Hearing:     February 23, 2024
                                           Time:        10:00 a.m.
26                                          Location:    Courtroom 6

27                                          Trial Date:  None Set

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

**<u>NOTICE OF MOTION AND MOTION; NOTICE OF JOINDER AND JOINDER</u>**

PLEASE TAKE NOTICE that on February 23, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the Honorable Charles R. Breyer, located at 450 Golden Gate Avenue, 17th floor, San Francisco, California, Defendant Stichting European Climate Foundation ("ECF"), will and hereby does move for the following:

Pursuant to Federal Rule of Civil Procedure 12(b)(2), for an order dismissing the Amended Complaint, Dkt. 10 ("AC") filed by Plaintiff X Corp. ("X" or "Plaintiff") on the grounds that this Court lacks personal jurisdiction over ECF.

Pursuant to Federal Rule of 12(b)(6), in the event the Court were to find jurisdiction over ECF, for an order dismissing with prejudice the AC and its Second Cause of Action (Breach of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030), Third Cause of Action (Intentional Interference with Contractual Relations), and Fourth Cause of Action (Inducing Breach of Contract) against ECF for failure to state a claim upon which relief can be granted.

PLEASE TAKE NOTICE that ECF also hereby joins in co-defendants Center for Countering Digital Hate, Inc. and Center for Countering Digital Hate Ltd.'s Rule 12(b)(6) Motion to Dismiss, Dkt. 47, as to the AC's Second, Third, and Fourth Causes of Action (Sections V.C. and V.D.).[1]

This motion is and will be based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities filed concurrently herewith; the Declaration of Morgan Després; all pleadings and papers on file in this matter; and all other such evidence or argument as may be submitted to the Court at or prior to the hearing.

---

[1] ECF only joins ECF's Motion under Rule 12(b)(6), and not under California's anti-SLAPP statute. ECF reserves its right to file a dispositive motion under the anti-SLAPP law should the case proceed against ECF past the pleadings.

1

Dated: November 16, 2023          MANATT, PHELPS & PHILLIPS, LLP

2

3                                               By: _____

4                                                     Nathaniel L. Bach

                                                      Thomas Worger

5                                                     Kyla Núñez

6                                                     Attorneys for Defendant

7                                                     STICHTING EUROPEAN CLIMATE

                                                      FOUNDATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
Los Angeles

3          ECF'S MOTION TO DISMISS & JOINDER
                3:23-CV-03836-CRB

# TABLE OF CONTENTS

**Page**

I.   SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES .................................. 1

II.  FACTUAL BACKGROUND ................................................................................... 1

    A.   ECF Lacks Any Substantial Connection to California or the United States .......... 1

    B.   ECF Has No Claim-Related Actions Targeted to California or the U.S. ............... 2

III. LEGAL STANDARD ........................................................................................... 2

IV.  ARGUMENT ..................................................................................................... 4

    A.   The Court Lacks Personal Jurisdiction over ECF, a Dutch Non-Profit Organization ................................................................................................. 4

        1.   ECF Is Not Subject to General Jurisdiction ................................................ 4

        2.   ECF Is Not Subject to Specific Jurisdiction .............................................. 5

            a.   ECF Did Not Purposefully Direct Any Alleged Activities at California or the U.S .................................................................. 5

            b.   X's Claims Do Not Arise Out of or Result From any Connections Between ECF and California ..................................... 9

            c.   Exercise of Jurisdiction Against ECF Would Be Unreasonable and Does Not Comport With Due Process............. 10

        3.   X Cannot Establish Nationwide Personal Jurisdiction Over ECF ........... 12

        4.   Jurisdictional Discovery Would Be Inappropriate .................................... 14

    B.   The AC Fails to State a Claim Against ECF Under Rule 12(b)(6) ...................... 14

V.   CONCLUSION ................................................................................................. 15

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

# TABLE OF AUTHORITIES

2

**Page**

3

## CASES

4

*AMA Multimedia, LLC v. Wanat,*
  970 F.3d 1201 (9th Cir. 2020)............................................................................................ 6, 7

*Amoco Egypt Oil Co. v. Leonis Nav. Co.,*
  1 F.3d 848 (9th Cir. 1993)......................................................................................... 10, 11, 12

*Asahi Metal Indus. Co. v. Superior Court,*
  480 U.S. 102 (1987)......................................................................................................... 11

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas,*
  571 U.S. 49 (2013)........................................................................................................... 12

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.,*
  874 F.3d 1064 (9th Cir. 2017)..................................................................................... 5, 6, 7, 8

*Ayla, LLC v. Alya Skin Pty. Ltd.,*
  11 F.4th 972 (9th Cir. 2021)........................................................................................... 9, 10

*Ballinger v. City of Oakland,*
  24 F.4th 1287 (9th Cir.), *cert. denied,* 142 S. Ct. 2777 (2022) ............................................. 3

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ......................................................................................................... 3, 4

*Block v. Tobin,*
  45 Cal. App. 3d 214 (1975).................................................................................................. 15

*Boschetto v. Hansing,*
  539 F.3d 1011 (9th Cir. 2008).............................................................................................. 14

*Bristol-Myers Squibb Co. v. Superior Court,*
  582 U.S. 255 (2017) ......................................................................................................... 3, 9

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985)............................................................................................... 3, 7, 8, 10

*Calder v. Jones,*
  465 U.S. 783 (1984) ........................................................................................................... 5

*Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,*
  511 U.S. 164 (1994) ........................................................................................................... 14

*CollegeSource, Inc. v. AcademyOne, Inc.,*
  653 F.3d 1066 (9th Cir. 2011)....................................................................................... 3, 4, 9

*Core-Vent Corp. v. Nobel Indus. AB,*
  11 F.3d 1482 (9th Cir. 1993)......................................................................................... 11, 12

*Daimler AG v. Bauman,*
  571 U.S. 117 (2014) ...................................................................................................... 1, 3, 4

ii

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*Dish Network, LLC v. Jadoo TV, Inc.*,

4
No. CV 18-9768 FMO (KSX), 2020 WL 6536659 (C.D. Cal. Mar. 16, 2020) ................. 9, 13

*Doe v. Geller*,

5
533 F. Supp. 2d 996 (N.D. Cal. 2008) ................................................. 9

6

*EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*,

7
711 F. Supp. 2d 1074 (C.D. Cal. 2010).................................................. 13

*FDIC v. Brit.-Am. Ins. Co.*,

8
828 F.2d 1439 (9th Cir. 1987)............................................................. 11

9

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
141 S. Ct. 1017 (2021) ....................................................................... 9

10

*Fraser v. Mint Mobile, LLC*,

11
No. C 22-00138 WHA, 2022 WL 1240864, at *5 (N.D. Cal. Apr. 27, 2022) .............. 14

12

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
284 F.3d 1114 (9th Cir. 2002)............................................................. 11

13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) ........................................................................... 4

14

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,

15
466 U.S. 408 (1984) ........................................................................... 3

16

*Herbal Brands, Inc. v. Photoplaza, Inc.*,
72 F.4th 1085 (9th Cir. 2023)............................................................. 9

17

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,

18
485 F.3d 450 (9th Cir. 2007)............................................................. 12

19

*Ins. Co. of N. Am. v. Marina Salina Cruz*,
649 F.2d 1266 (9th Cir. 1981)............................................................. 11

20

*Int'l Shoe Co. v. Wash.*,
326 U.S. 310 (1945) ........................................................................... 3

21

*Man-D-Tec, Inc. v. Nylube Prod. Co., LLC*,

22
No. CV-11-1573-PHX-GMS, 2012 WL 1831521 (D. Ariz. May 18, 2012) .............. 9

23

*Morrill v. Scott Fin. Corp.*,
873 F.3d 1136 (9th Cir. 2017)............................................................. 8

24

*O'Handley v. Padilla*,

25
579 F. Supp. 3d 1163 (N.D. Cal. 2022) (Breyer, J.), *aff'd*, 62 F.4th 1145 (9th Cir.
2023) ................................................................................................. 2

26

*Pac. Atl. Trading Co. v. M/V Main Exp.*,

27
758 F.2d 1325 (9th Cir. 1985).......................................................... 7, 11

28

*Panavision Int'l, L.P. v. Toeppen*,
141 F.3d 1316 (9th Cir. 1998)............................................................. 3

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

ECF'S MOTION TO DISMISS & JOINDER
3:23-CV-03836-CRB

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006)............................................................................ 12, 14

4

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015).................................................................................. 8

5

*Podium Corp. Inc. v. Chekkit Geolocation Servs., Inc.*,
    No. 2:20-CV-352-JNP-DAO, 2021 WL 5772269 (D. Utah Dec. 6, 2021)............................ 14

6

7

*Prevail Legal, Inc., v. Justin Gordon, et al.*,
    No. 20-CV-07173-BLF, 2021 WL 1947578 (N.D. Cal. May 14, 2021) ................................ 9

8

*Rippey v. Smith*,
    No. C-99-1488-CRB, 1999 WL 1012316 (N.D. Cal. Oct. 28, 1999), *aff'd*, 16 Fed.
    App'x 596 (9th Cir. 2001).................................................................................... 10

9

10

*Rosen v. Terapeak, Inc.*,
    No. CV-15-00112-MWF (EX), 2015 WL 12724071 (C.D. Cal. Apr. 28, 2015).................... 9

11

*Ross v. Abbott Vascular Inc.*,
    No. 19-CV-03794-JST, 2022 WL 20275185 (N.D. Cal. Mar. 3, 2022) ................................ 13

12

13

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004)........................................................................... 3, 5, 10

14

*Sorensen v. New Koosharem Corp.*,
    No. CV1501088RGKPJWX, 2015 WL 12426149 (C.D. Cal. Oct. 15, 2015)........................ 15

15

16

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001).................................................................................... 4

17

*Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*,
    7 F.3d 1434 (9th Cir. 1993)..................................................................................... 5

18

*U.S. Vestor, LLC v. Biodata Info. Tech. AG*,
    290 F. Supp. 2d 1057 (N.D. Cal. 2003) ................................................................... 11

19

20

*United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc.*,
    766 F.3d 1002 (9th Cir. 2014).................................................................................. 5

21

*Walden v. Fiore*,
    571 U.S. 277 (2014) .................................................................................... passim

22

23

*Wang v. Thomson*,
    No. 14-CV-02388-BLF, 2014 WL 7272479 (N.D. Cal. Dec. 19, 2014) ................................ 5

24

*Westbrook v. Paulson*,
    No. 2:20-CV-1606, 2021 WL 963486 (W.D. Wash. Mar. 15, 2021) ................................... 6

25

*WhatsApp Inc. v. NSO Grp. Techs. Ltd.*,
    472 F. Supp. 3d 649 (N.D. Cal. 2020) ...................................................................... 5

26

27

*Williams v. Yamaha Motor Co.*,
    851 F.3d 1015 (9th Cir. 2017)............................................................................. 4, 10

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

ECF'S MOTION TO DISMISS & JOINDER
3:23-CV-03836-CRB

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page**

3

4

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ............................................................................ 11

5

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
    145 F. Supp. 2d 1168 (N.D. Cal. 2001) ............................................ 12

6

*Ziegler v. Indian River Cnty.*,
    64 F.3d 470 (9th Cir. 1995) ................................................................ 3

7

**RULES**

8

Fed. R. Civ. Proc. 4(k)(1)(A) ................................................................ 3

9

Fed. R. Civ. Proc. 4(k)(2) ..................................................... 12, 13, 14

10

Fed. R. Civ. Proc. 11 ............................................................................ 7

11

Fed. R. Civ. Proc. 12(b)(2) .............................................................. 1, 2

12

Fed. R. Civ. Proc. 12(b)(6) ....................................................... 1, 3, 14

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
Los Angeles

v

ECF'S MOTION TO DISMISS & JOINDER
3:23-CV-03836-CRB

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES

X Corp.'s ("X") lawsuit is a frivolous attempt to punish protected speech and other wholly unactionable activity.  But its claims against Stichting European Climate Foundation ("ECF"), a Dutch non-profit, fail in the first instance because this Court lacks personal jurisdiction over ECF.

*First*, there is **no general jurisdiction** over ECF because it is not "at home" in California (nor anywhere in the U.S.).  *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citations omitted). ECF is a Dutch entity based in the Hague, with offices only in Europe and London.  It has no offices, property, assets, business licenses, or agents for services of process in California or anywhere else in the U.S.  As a result, this Court lacks general jurisdiction over ECF.

*Second*, there is **no specific jurisdiction** over ECF because none of its alleged actions occurred in or targeted California or the U.S.  To the contrary, the Brandwatch contract that is at the heart of X's claims against ECF is between a Dutch entity (ECF) and an English company (Brandwatch UK), and is governed by English law, and all of ECF's alleged actions took place and were directed outside the U.S.  X's feeble jurisdictional allegations—that some Brandwatch servers are in the U.S. and that ECF provided login credentials to Center for Countering Digital Hate's ("CCDH") U.S. entity (though this latter allegation is proved false by ECF's evidence)—are precisely the type of "random, fortuitous, or attenuated" connections that cannot support specific jurisdiction.  *Walden v. Fiore*, 571 U.S. 277, 286 (2014).

*Third*, even if asserting jurisdiction over ECF did not offend traditional notions of fair play and substantial justice, the Amended Complaint ("AC") fails to state a claim against ECF, for the reasons set forth in CCDH's concurrently filed motion to dismiss, Dkt. 47, which ECF joins as to the Second, Third, and Fourth causes of action.  Because these jurisdictional and legal defects cannot be cured, ECF requests that the Court dismiss the AC with prejudice as to ECF pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## II.   FACTUAL BACKGROUND

### A.   ECF Lacks Any Substantial Connection to California or the United States.

ECF is a European non-profit organization without any operations in the United States. ECF

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

ECF'S MOTION TO DISMISS & JOINDER
3:23-CV-03836-CRB

1   is organized under the laws of the Netherlands, with its principal place of business at Riviervismarkt

2   5, 2513 AM, The Hague, Netherlands.  Declaration of Morgan Després ("Després Decl.") ¶ 3.

3   ECF's mission is to help tackle the climate crisis by fostering development of a net-zero emission

4   society at the national, European, and global level.  *Id.* ¶ 4.  ECF has offices in Europe and the

5   United Kingdom, but has none in the U.S.  *Id.* ¶ 5.  ECF is neither registered nor licensed to do

6   business in California nor anywhere else in the U.S.  *Id.* ¶ 6.  ECF owns no U.S. property, has no

7   U.S. bank accounts, lacks an agent for service of process in California or anywhere in the U.S., and

8   has never previously been party to any litigation in any forum in the U.S.  *Id.* ¶¶ 6-7.

9   **B.      ECF Has No Claim-Related Actions Targeted to California or the U.S.**

10         ECF was added to the AC on the theory that it facilitated CCDH's access to the social

11   media-monitoring service Brandwatch, which CCDH used to report about hate speech on Twitter.

12   *See* AC ¶ 2.  X does not allege facts to show ECF's contacts or agreements with Brandwatch UK

13   occurred in or were aimed at the U.S., nor could it, as ECF's contract with Brandwatch UK was

14   entirely made and performed outside the U.S. between foreign entities.  Specifically, on January 25,

15   2021, ECF entered into its initial services agreement with Runtime Collective Limited (dba

16   Brandwatch) (herein "Brandwatch UK"), a company organized under the laws of the United

17   Kingdom and with its registered office address at Sovereign House Church Street, 1st Floor,

18   Brighton, East Sussex, BN1 1UJ, United Kingdom.  Després Decl., ¶ 10, Ex. A.  This agreement

19   was renewed on January 21, 2022, and again on January 20, 2023.  *Id.* ¶¶ 11-12.  The initial

20   agreement and renewals each list the servicing party as "Runtime Collective Limited" in the United

21   Kingdom.  *Id.* ¶¶ 10-12, Exs. A, B, C.  Each also provides choice of law and forum-selection

22   provisions based on the domicile of the customer (*i.e.*, ECF); thus, as ECF is domiciled in the

23   Netherlands, English courts have "exclusive jurisdiction" and the agreements are to be interpreted

24   under English law.  *Id.*

25  **III.     LEGAL STANDARD**

26         **Rule 12(b)(2):** A defendant may move to dismiss on grounds that the court lacks personal

27   jurisdiction over it.  Fed. R. Civ. Proc. 12(b)(2).  "The plaintiff bears the burden of establishing the

28   court's personal jurisdiction over a defendant."  *O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1178

(N.D. Cal. 2022) (Breyer, J.), *aff'd*, 62 F.4th 1145 (9th Cir. 2023) (citation omitted).  Where, as here, no federal statute authorizes personal jurisdiction, the court applies the law of the state in which it sits.  See Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  California's long-arm statute "is coextensive with federal due process requirements, [so] the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).  "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073-74 (9th Cir. 2011) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

Courts in California can permissibly exercise personal jurisdiction over a nonresident defendant in two ways:  general jurisdiction or specific jurisdiction.  *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995).  General jurisdiction arises when an entity's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler*, 571 U.S. at 127 (citations omitted).  Specific jurisdiction only exists where "the defendant has 'purposefully directed' his activities at residents of the forum . . . *and* the litigation results from alleged injuries that 'arise out of or relate to' those activities."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (emphasis added).  A "relationship among the defendant, the forum, and the litigation is the essential foundation" of specific jurisdiction.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (citation omitted).  In assessing jurisdiction, courts' "primary concern is the burden on the defendant." *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 263 (2017) (citation omitted).

**Rule 12(b)(6):** A cause of action must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Dismissal is proper if "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Ballinger v. City of Oakland*, 24 F.4th 1287, 1292 (9th Cir.), *cert. denied*, 142 S. Ct. 2777 (2022).  Allegations must contain "more than labels and conclusions" or "a formulaic recitation of

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

ECF'S MOTION TO DISMISS & JOINDER
3:23-CV-03836-CRB

1   the elements of a cause of action" (*Twombly*, 550 U.S. at 555), and courts should not accept

2   "unreasonable inferences" or "unwarranted deductions of fact." *Sprewell v. Golden State*

3   *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

4   **IV.**   **ARGUMENT**

5   **A.**   **The Court Lacks Personal Jurisdiction over ECF, a Dutch Non-Profit Organization**

6           X bears the burden of establishing jurisdiction over ECF, yet the AC fails to allege facts to

7   support the exercise of personal jurisdiction as a matter of law.  Moreover, the basic facts of ECF's

8   European-centric operations and lack of sufficient U.S. connections, as set forth in Mr. Després's

9   declaration, conclusively establish that there are no facts X could plead to alter this result.

10          **1.**   **ECF Is Not Subject to General Jurisdiction.**

11          General jurisdiction is met only when a defendant's "'continuous corporate operations

12   within a state [are] so substantial and of such a nature as to justify suit against it on causes of action

13   arising from dealings entirely distinct from those activities.'"  *Daimler*, 571 U.S. at 118 (citation

14   omitted).  Only in an exceptional case will an organization's operations in a forum other than its

15   state of incorporation or principal place of business be "so 'continuous and systematic' as to render

16   [it] essentially at home in the forum state."  *Id.* at 119 (quoting *Goodyear Dunlop Tires Operations,*

17   *S.A. v. Brown*, 564 U.S. 915 (2011)).  "[I]n the paradigmatic circumstance for exercising general

18   jurisdiction, the corporate defendant is incorporated or has its principal place of business in the

19   forum state."  *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017).

20          ECF's activities come nowhere close to meeting the high standard for general jurisdiction.

21   ECF is a European non-profit organization formed under Dutch law, with its principal place of

22   business in The Hague.  AC ¶ 10; Després Decl., ¶ 3.  All of its other offices are located in Europe

23   and the United Kingdom.  Després Decl., ¶ 5.  ECF does not have a single office anywhere in the

24   U.S., nor is it registered to do business in California or anywhere in the U.S.  *Id.* ¶¶ 5-6.

25          The only apparent allegation in the AC related to general jurisdiction is that ECF receives

26   donations from California donors.  AC ¶ 10.  But this falls well short of contacts that are so

27   "continuous and systematic" that they render ECF "essentially at home in the forum state."

28   *CollegeSource, Inc.*, 653 F.3d at 1074 (quoting *Goodyear*, 564 U.S. at 919).  Indeed, this Court has

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

ECF'S MOTION TO DISMISS & JOINDER
3:23-CV-03836-CRB

specifically found that "the solicitation of donations in a state does not subject a party to general jurisdiction in that state." *Wang v. Thomson*, No. 14-CV-02388-BLF, 2014 WL 7272479, at *2 (N.D. Cal. Dec. 19, 2014).  In any event, ECF receives donations from around the world.  Després Decl., ¶ 8.  A foreign entity like ECF is not at home in California as a result of receiving some of its donations from *donors* who reside there.  Thus, there is no general jurisdiction over ECF.

### 2.      ECF Is Not Subject to Specific Jurisdiction.

No specific jurisdiction lies against ECF, either, because it has done nothing tied to X's claims that specifically targeted and created a "substantial connection" with either California or the U.S., generally.  *Walden*, 571 U.S. at 284 (To find specific jurisdiction, "the defendant's suit-related conduct must create a substantial connection with the forum State.").  In the Ninth Circuit, three requirements must be met for a court to exercise specific jurisdiction over a non-resident defendant: "(1) the defendant must either 'purposefully direct his activities' toward the forum or 'purposefully avail himself of the privileges of conducting activities in the forum'; (2) 'the claim must be one which arises out of or relates to the defendant's forum-related activities'; and (3) 'the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.'"  *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (original alterations omitted).  The plaintiff bears the burden on the first two prongs.  *Schwarzenegger*, 374 F.3d at 802.

### a.      ECF Did Not Purposefully Direct Any Alleged Activities at California or the U.S.

Where, as here, the claims sound in tort, the Court employs the purposeful direction test for the first prong (aka the "effects test," derived from *Calder v. Jones*, 465 U.S. 783 (1984)), which requires that the defendant have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."[2] *Axiom Foods*, 874 F.3d at 1069.  Even if the act of providing CCDH an authorized login to

---

[2] The "purposeful direction" test applies to tort claims.  *Schwarzenegger*, 374 F.3d at 802.  X's second cause of action under the CFAA has been held to sound in tort for purposes of determining personal jurisdiction.  *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 472 F. Supp. 3d 649, 669 (N.D. Cal. 2020) (applying purposeful direction standard to CFAA claim).  X's third cause of action for interference with contractual relations also sounds in tort.  *See United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002, 1006 (9th Cir. 2014).  So does X's fourth cause of action for inducing breach of contract.  *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1442 (9th Cir. 1993).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

ECF'S MOTION TO DISMISS & JOINDER
3:23-CV-03836-CRB

1  Brandwatch UK could be considered an intentional one, it was not "expressly aimed" at California,

2  nor did it cause harm that ECF knew was "likely to be suffered in the forum state." *Id.* To the

3  contrary, if ECF's act was "aimed" anywhere, it was to the UK, from where Brandwatch UK's

4  services were provided under its English law-governed agreement with ECF.

5       X cannot establish express aiming nor does it allege facts that support the conclusion that

6  ECF knew harm was likely to be suffered in California, for multiple reasons. **First**, the gravamen

7  of X's claims against ECF is that ECF facilitated CCDH's publication of critical reports that caused

8  X damages in the form of lost advertising. *See, e.g.* AC ¶ 98 (X "suffered damages . . . when

9  companies paused or refrained from advertising on X"). But X's allegation of advertising-related

10  damages are untethered to acts expressly aimed at California or the United States, particularly as X

11  operates and advertises globally.[3] And nothing about X's central theory of ad-revenue damages

12  constitutes the purposeful targeting of California or the U.S., as opposed to furthering the

13  publishing of CCDH's globally available reporting. Courts have repeatedly held that generalized

14  publishing or provision of access to information is insufficient to confer jurisdiction in one of many

15  states in which the publication was accessible. *See, e.g., AMA Multimedia, LLC v. Wanat*, 970 F.3d

16  1201, 1212 (9th Cir. 2020) (no jurisdiction over foreign website operator hosting plaintiff's

17  copyrighted material where U.S. was not the "focal point" of a globally accessible website);

18  *Westbrook v. Paulson*, No. 2:20-CV-1606, 2021 WL 963486, at *5 (W.D. Wash. Mar. 15, 2021)

19  (finding lack of personal jurisdiction over defendant who made allegedly defamatory remarks of

20  forum resident on YouTube, noting "[a]s more recent cases dealing with internet-based injury

21  establish, it is not enough that a defendant's content is merely accessible to residents of a forum.").

22       **Second**, there is a key factual error at the heart of X's allegation that "ECF intentionally

23  and knowingly provided CCDH US with ECF's login credentials, thus targeting its conduct at the

24  United States." AC ¶ 11. Specifically, ECF facilitated CCDH's authorized access to Brandwatch

25  via Callum Hood at the email address info@counterhate.com. Després Decl. ¶ 13, Ex. D (May 12,

26  2022 email). Mr. Hood resides in the UK and, contra X's false allegation, is employed not by

---

[3] X Business, "Geo, gender, language and age targeting,"
https://business.twitter.com/en/help/campaign-setup/campaign-targeting/geo-gender-and-
language-targeting.html ("X is a global product.")

ECF'S MOTION TO DISMISS & JOINDER
                                                  3:23-CV-03836-CRB

CCDH US but by CCDH *UK*. *Id.* ¶ 14, Ex. E at p.8.  And a May 12, 2022 email shows Brandwatch UK's representative (based in London) willingly facilitated CCDH's access to Brandwatch via UK-based Mr. Hood.  *Id.* ¶ 13, Ex. D.  This evidence not only proves the sheer falsity of X's foundational allegation that CCDH's access to Brandwatch was unauthorized, it further shows that ECF's actions were aimed at the UK, not the U.S., driving a stake through X's false jurisdictional allegation.[4]

**Third**, even if ECF had provided a login to an individual or organization based in the U.S., that insubstantial act cannot confer jurisdiction over a foreign party for any and all later acts taken by the recipient of that login (*e.g.*, CCDH's later act of publishing its critical reports about X). Rather, these are the types of unsubstantial, remote acts that simply cannot confer jurisdiction because specific jurisdiction cannot lie "solely as the result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or third person.'" *Burger King*, 471 U.S. at 475 (citations omitted).  Here, ECF has not purposefully directed any activities at California or the U.S., and its highly attenuated connection to CCDH's reporting and X's alleged advertising damages is solely through the Brandwatch contract it lawfully entered into in Europe with a UK entity.  X's jurisdictional grounds are especially insufficient here, as the Ninth Circuit has repeatedly cautioned that "the foreign-acts-with-forum-effects jurisdictional principle must be applied with caution, particularly in an international context." *Pac. Atl. Trading Co. v. M/V Main Exp.*, 758 F.2d 1325, 1330 (9th Cir. 1985) (citation omitted).

**Fourth**, even assuming arguendo that ECF provided CCDH access to Brandwatch for the explicit purpose of harming X, this could still not satisfy the effects test as a matter of law.  The relationship between the defendant and the forum state "must arise out of contacts that the 'defendant [itself]' creates with the forum State." *Walden*, 571 U.S. at 284 (quoting *Burger King*, 471 U.S. at 475).  And that minimum contacts analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."[5] *Id.* at 285.  Thus,

---

[4] This core falsity of X's allegations of "unauthorized access" that pervade the AC raises significant concerns under Rule 11, and ECF reserves all rights in that regard.
[5] The Ninth Circuit has recognized that *Walden* expressly rejected prior case law allowing for specific jurisdiction under a theory of individualized targeting of a plaintiff, as alleged here.  *AMA Multimedia*, 970 F.3d at 1209 n.5 (9th Cir. 2020); *Axiom Foods*, 874 F.3d at 1070.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

7

ECF'S MOTION TO DISMISS & JOINDER
3:23-CV-03836-CRB

"the plaintiff cannot be the only link between the defendant and the forum," as is the case here. *Id.*; *see also Axiom Foods*, 874 F.3d 1070 (noting that Walden "made clear that we must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum").  An act with no connection to the forum, that would "follow [X] wherever [it] might choose to" reside, fails this test, as such injury "is not tethered to California in any meaningful way." *Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015).

So where "the forum state [i]s only implicated by the happenstance of [the] Plaintiff['s] residence," the defendant has not "expressly aimed" its activities at the forum. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1146 (9th Cir. 2017).  This is precisely the gist of X's jurisdictional theory against ECF.  *See, e.g.*, AC ¶ 38 ("ECF knew CCDH did not have authorized access to the Licensed Materials or the Brandwatch applications, knew that CCDH wanted to access the Licensed Materials to prepare its purported 'research' reports and *call for censorship and attacks on X Corp.*") (emphasis added).  But allegations of aiming at X are not the same as aiming at California or the U.S., and are insufficient to confer jurisdiction as a matter of law. *Cf. Axiom Foods*, 874 F.3d at 1070 (internal quotations omitted) ("The foreseeability of injury in a forum is not a sufficient benchmark for exercising personal jurisdiction.").

**Fifth**, X's allegation that ECF's conduct was aimed at the U.S. because data provided by Brandwatch "were stored, among other places, on protected servers in the United States," AC ¶ 26, is precisely the type of "random, fortuitous, or attenuated" connection that cannot support specific jurisdiction.  *Walden*, 571 U.S. at 286 (quoting *Burger King*, 471 U.S. at 475).  Indeed, X's concession that Brandwatch's data was stored "*among other places*, on protected servers in the United States" (AC ¶ 26, emphasis added) dooms any effort to establish purposeful targeting of California or the U.S.  Even crediting X's faulty merits case against ECF, there is no allegation or evidence to show that ECF intended to target any *U.S.*-based Brandwatch servers, as opposed to simply providing authorized access to Brandwatch generally, irrespective of the location of any servers.  This is particularly true as ECF had contracted with Brandwatch, a UK entity, and provided access via Mr. Hood, a UK resident and employee of CCDH UK.  Després Decl. ¶¶ 13-14.

In any event, courts in this Circuit have repeatedly rejected the argument that access to a computer server results in specific jurisdiction, especially when such server is owned or controlled by a third party (as opposed to the plaintiff).  See *Dish Network, LLC v. Jadoo TV, Inc.*, No. CV 18-9768 FMO (KSX), 2020 WL 6536659, at *7 (C.D. Cal. Mar. 16, 2020) ("[T]he physical location of servers cannot confer the necessary contacts between a defendant and a forum for the exercise of personal jurisdiction."); *Rosen v. Terapeak, Inc.*, No. CV-15-00112-MWF (EX), 2015 WL 12724071, at *9 (C.D. Cal. Apr. 28, 2015) (holding that "the mere location of a server" does not give rise to personal jurisdiction).[6]

### b.     X's Claims Do Not Arise Out of or Result From any Connections Between ECF and California.

Under the second prong of the Ninth Circuit's specific jurisdiction test, X must also show that its claims "'arise out of or relate to the defendant's contacts' with the forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) (quoting *Bristol-Myers*, 582 U.S. at 262).  To "adequately protect defendants foreign to a forum," this nexus requirement demands an "activity or occurrence that takes place in the forum State and is therefore subject to the State's regulation"—and which is closely "affiliat[ed]" with "the underlying controversy."  *Id.*, at 1025-26 (quoting *Bristol-Myers*, 582 U.S. at 262).  This requires X to show some clear connection between ECF's alleged connections with the forum and X's claims.  *See*, *e.g.*, *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1096 (9th Cir. 2023) (finding harm caused by products sold in forum clearly arise out of and relate to defendants' conduct of selling products to forum residents); *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 983 (9th Cir. 2021) (same).  As demonstrated above, no such nexus exists here, as the AC's core actions relating to ECF occurred in Europe and the UK: i.e., the provision of Brandwatch access took place among a Dutch organization (ECF), a

---

[6] *See also Man-D-Tec, Inc. v. Nylube Prod. Co., LLC*, No. CV-11-1573-PHX-GMS, 2012 WL 1831521, at *2 (D. Ariz. May 18, 2012) (citing *CollegeSource, Inc.*, 653 F.3d at 1075-76 ("If the mere location of a server could create personal jurisdiction, any state where a server is located would have personal jurisdiction over any user of that server.")); *Prevail Legal, Inc., v. Justin Gordon, et al.*, No. 20-CV-07173-BLF, 2021 WL 1947578, at *6 (N.D. Cal. May 14, 2021) (finding "it 'random' that the GitHub server hosting [plaintiff's] software code happened to be in California"); *see also Doe v. Geller*, 533 F. Supp. 2d 996, 1009 (N.D. Cal. 2008) ("If plaintiff's theory of jurisdiction were upheld, then the Northern District of California could assert jurisdiction over every single takedown notice ever sent to YouTube or any other company in Silicon Valley.").

1    UK entity (Brandwatch UK), and another UK entity (CCDH UK).  Any connection to this forum—

2    and there seems not to be any other than X having its headquarters here—is fortuitous and not

3    central to this dispute.

4         Nor may jurisdiction be found through the alleged acts of co-defendants.  *Williams v.

5    Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017) (finding no specific jurisdiction where

6    movant's only connection to forum was through acts of co-defendant).  The relationship between

7    the nonresident defendant, the forum, and the litigation "must arise out of contacts that the

8    'defendant *himself*' creates with the forum State."  *Walden*, 571 U.S. at 284 (quoting *Burger King*,

9    471 U.S. at 475 (emphasis in original).  Thus, any acts of CCDH US or CCDH UK cannot be

10   imputed to ECF for the purpose of determining personal jurisdiction.

            **c.    Exercise of Jurisdiction Against ECF Would Be Unreasonable and
11                  Does Not Comport With Due Process.**

12         Under the third prong of the specific jurisdiction test, jurisdiction over ECF must be

13   "reasonable" and "not offend traditional notions of fair play and substantial justice."

14   *Schwarzenegger*, 374 F.3d at 801-02 (citation omitted).  This reasonableness requirement may

15   defeat jurisdiction even if a defendant has purposefully engaged in forum activities.  *Rippey v.

16   Smith*, No. C-99-1488-CRB, 1999 WL 1012316 at *9 (N.D. Cal. Oct. 28, 1999), *aff'd*, 16 Fed.

17   App'x 596 (9th Cir. 2001).  To determine whether the exercise of specific jurisdiction is

18   "reasonable," courts apply a seven-factor balancing test.  *Amoco Egypt Oil Co. v. Leonis Nav. Co.*,

19   1 F.3d 848, 851 (9th Cir. 1993).  This includes "(1) the extent of the defendant's purposeful

20   interjection into the forum state's affairs; (2) the burden on the defendant of defending in the

21   forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's

22   interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6)

23   the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the

24   existence of an alternative forum."  *Ayla*, 11 F.4th at 984 (citation omitted).  These factors

25   overwhelmingly favor dismissal.

26         ***First***, ECF did not, and has never, purposefully interjected itself into California.  "The

27   smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

10                    ECF'S MOTION TO DISMISS & JOINDER
                      3:23-CV-03836-CRB

1   reasonable is its exercise." *Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th

2   Cir. 1981).  Subjecting a defendant to personal jurisdiction merely because it has minor contacts

3   with the forum state is unreasonable.  *U.S. Vestor, LLC v. Biodata Info. Tech. AG*, 290 F. Supp. 2d

4   1057, 1065 (N.D. Cal. 2003).  As noted in Section IV.A.2.a., *supra*, X cannot establish that ECF

5   purposefully directed its conduct towards California, including because ECF's Brandwatch

6   contract was made with a UK entity.  Even if ECF purposefully contacted the U.S., such alleged

7   contacts were "very limited," which weighs heavily against exercising personal jurisdiction.  *Core-*

8   *Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993).  Indeed, courts have refused to

9   exercise personal jurisdiction in cases where defendants had significantly more forum contacts than

10   here, where ECF's contacts are virtually non-existent.  *See*, *e.g.*, *FDIC v. Brit.-Am. Ins. Co.*, 828

11   F.2d 1439, 1443-44 (9th Cir. 1987).  It is essential that "the defendant's conduct and connection

12   with the forum State are such that he should reasonably anticipate being haled into court there."

13   *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citation omitted).  Based on

14   the AC's allegations, ECF could not do so.

15        ***Second***, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal

16   system should have significant weight" in determining reasonableness of jurisdiction.  *Asahi Metal*

17   *Indus. Co. v. Superior Court*, 480 U.S. 102, 114 (1987).  "The burden on [ECF] to defend suit in

18   California" is "great" because it is "incorporated in [the Netherlands], owns no property in the

19   forum, and has no employees or persons authorized to act on its behalf there."  *Glencore Grain*

20   *Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1125-26 (9th Cir. 2002); see

21   Després Decl. ¶¶ 3-9.  Any witnesses ECF would need to produce are "half a world away."

22   *Glencore*, 284 F.3d at 1126; *see Pac. Atl.*, 758 F.2d at 1330 (burden of travel from Malaysia to

23   California was unreasonable).

24        ***Third***, when a defendant like ECF "is from a foreign nation rather than another state, the

25   sovereignty barrier is high and undermines the reasonableness of personal jurisdiction."  *Amoco*, 1

26   F.3d at 852.  "[G]reat care and reserve should be exercised when extending our notions of personal

27   jurisdiction into the international field."  *Id.* (quoting *Asahi*, 480 U.S. at 115).  ***Fourth***,

28   "California's interest in adjudicating this suit" is "slight."  *Glencore*, 284 F.3d at 1126.  X is

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

11

ECF'S MOTION TO DISMISS & JOINDER
3:23-CV-03836-CRB

incorporated in Nevada, and California has no greater interest simply because X's headquarters may be in California.  **Fifth**, California would not be the most efficient forum, as the most important evidence and witnesses—ECF's records and personnel (as well as Brandwatch UK's and CCDH UK's)—are in Europe or England.  *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 145 F. Supp. 2d 1168, 1179 (N.D. Cal. 2001) (the "efficient resolution" factor also "focuses on the location of the evidence and the witnesses").  And the English or Dutch court system would most efficiently resolve claims centered around these foreign entities, including because of the English venue and choice-of-law provisions in ECF's agreements with Brandwatch UK.  *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013) (foreign agreements deserve "controlling weight") (citation omitted).  Where an American court would lack experience with the substantive law "the efficiency of proceeding in [California] is further diminished." *Amoco*, 1 F.3d at 852.  **Sixth**, for the same reasons, English or Dutch courts could provide equally convenient and effective relief if X's claims were found to have any merit (which they do not).[7]  **Seventh**, X bears the burden of showing that there is no alternative forum, *Core-Vent*, 11 F.3d at 1490, but cannot do so here because this dispute could be brought in a forum that actually has jurisdiction over ECF.

### 3.     X Cannot Establish Nationwide Personal Jurisdiction Over ECF.

Nor can X establish jurisdiction via Federal Rule of Civil Procedure 4(k)(2), which permits the exercise of personal jurisdiction over foreign defendants when there is a federal claim, the defendant is not subject to personal jurisdiction in any state, and doing so would not offend due process.[8]  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006).  "The due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between [the defendant] and the forum state, we consider contacts with the nation as a whole." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,

---

[7] ECF reserves its ultimate rights regarding the appropriateness of any English or Dutch forum, which would be dependent upon the parties, facts, and allegations of any such (presently hypothetical) proceeding.
[8] As discussed below, X cannot state a claim against ECF under the Computer Fraud and Abuse Act, which is the only federal claim at issue here, and the only potential basis for Rule 4(k)(2) jurisdiction.

485 F.3d 450, 462 (9th Cir. 2007) (citation omitted).  Rule 4(k)(2) does not lower the threshold for establishing jurisdiction; rather, to establish jurisdiction under Rule 4(k)(2), a foreign defendant must have "extensive contacts to this country."  *Id.* (emphasis added).

X's allegations of ECF's supposed contacts with the United States as a whole are equally as weak and insubstantial as ECF's supposed contacts with California.  *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1087 (C.D. Cal. 2010) (rejecting attempt to establish jurisdiction under Rule 4(k)(2) as "DVD Forum's aggregated contacts with the United States are no greater than, and not meaningfully different from, its contacts with California.").  As explained above, X's allegation that "ECF intentionally and knowingly provided CCDH US with ECF's login credentials," AC ¶ 11, is false because ECF provided authorized Brandwatch access via CCDH *UK*'s Callum Hood.  Després Decl. ¶ 13.  In any event, even if ECF provided a Brandwatch login to a U.S. entity—to access the services of a UK company, via a UK resident—it would not be the type of "substantial" and "express" aiming of conduct at the *U.S.* that would support jurisdiction under Rule 4(k)(2).  Rather, at all times, any use of Brandwatch UK's service was aimed toward the UK, where Brandwatch operates under its contracts with ECF, not toward the U.S.  *Cf. Dish Network, LLC v. Jadoo TV, Inc.*, No. CV 18-9768 FMO (KSX), 2020 WL 6536659, at *9 n.6 (C.D. Cal. Mar. 16, 2020) (because plaintiff could not show defendant "expressly aimed his conduct at the United States," exercising personal jurisdiction "would not comport with fair play and substantial justice").

Likewise, X's allegation that the data accessed by CCDH "were stored, among other places, on protected servers in the United States," is also insufficient, as discussed above.  AC ¶ 26 (emphasis added).  Not only does this allegation fail to show purposeful targeting of U.S. servers, it would be insufficient to confer jurisdiction under Rule 4(k)(2) even if CCDH had in fact accessed U.S. servers.  *Ross v. Abbott Vascular Inc.*, No. 19-CV-03794-JST, 2022 WL 20275185, at *6 (N.D. Cal. Mar. 3, 2022) (finding "no authority for the idea that distributing electronic materials through servers in the United States subjects a foreign defendant to Rule 4(k)(2) jurisdiction").

For these reasons, and for those discussed above, ECF does not even have minimal contacts with the U.S., much less the extensive contacts required by the rule.  Thus, exercising personal

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

13

ECF'S MOTION TO DISMISS & JOINDER
3:23-CV-03836-CRB

1    jurisdiction over ECF via Rule 4(k)(2) would not comport with due process, either.

2         **4.      Jurisdictional Discovery Would Be Inappropriate.**

3         As explained herein, each of X's attempted jurisdictional allegations—*i.e.*, California-based

4    donors, server location, and the disproved allegation that ECF provided CCDH a Brandwatch login

5    via the U.S.—fails to make out even a prima facie case of personal jurisdiction against ECF.  And

6    ECF's evidence presented in the Després Declaration conclusively establishes that no jurisdiction

7    lies here.  Therefore, the Court should reject any effort by X to seek jurisdictional discovery.

8    *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (no abuse of discretion in denying

9    discovery where plaintiff's request was "based on little more than a hunch that it might yield

10   jurisdictionally relevant facts"); *Pebble Beach*, 453 F.3d at 1160 ("[W]here a plaintiff's claim of

11   personal jurisdiction appears to be both attenuated and based on bare allegations in the face of

12   specific denials made by the defendants, the Court need not permit even limited discovery.")

13   (citation omitted).

14   **B.    The AC Fails to State a Claim Against ECF Under Rule 12(b)(6).**

15        Even if the Court were to find jurisdiction over ECF, the AC fails to state a claim against

16   ECF for the reasons set forth in CCDH's motion, which ECF joins as to the Second, Third, and

17   Fourth causes of action, and for the following reasons:

18        **Second COA** (Computer Fraud and Abuse Act): X's CFAA claim against ECF is based

19   upon an aiding and abetting theory, which multiple courts have held is not available in civil suits.

20   *Podium Corp. Inc. v. Chekkit Geolocation Servs., Inc.*, No. 2:20-CV-352-JNP-DAO, 2021 WL

21   5772269, at *8 (D. Utah Dec. 6, 2021) ("If ... Congress intended to impose aiding and abetting

22   liability, we presume it would have used the words 'aid' and 'abet' in the statutory text."), quoting

23   *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 177 (1994);

24   *Fraser v. Mint Mobile, LLC*, No. C 22-00138 WHA, 2022 WL 1240864, at *5 (N.D. Cal. Apr. 27,

25   2022) ("it is an open question whether [an aiding and abetting] claim can be asserted under the

26   CFAA in a civil suit").  Even if aiding and abetting liability were available under CFAA, X has

27   failed to allege unauthorized access here, since ECF was permitted under the applicable

28   Brandwatch terms to provide CCDH access as a "user."  *See* Dkt. 47 (CCDH Mot.) at pp.19-21.

                                            14          ECF'S MOTION TO DISMISS & JOINDER
                                                                     3:23-CV-03836-CRB

1    **Third and Fourth COAs** (interference and inducing breach): As CCDH notes in its

2    motion, X fails to plausibly allege that CCDH's access of Brandwatch's service proximately

3    caused the loss of advertising revenue that X seeks in damages.  Dkt. 47 at pp. 25-26.  Rather, there

4    were multiple intervening actions that are untethered to any alleged tortious interference that break

5    any plausible causal chain in X's claims.  As attenuated as X's claims are from CCDH's actions,

6    they are even more remote from anything *ECF* is alleged to have done.  Quite simply, X fails to

7    state tort claims against ECF because there is an ocean's worth of intervening events between

8    ECF's login-sharing action that allegedly interrupted X's own contract with Brandwatch—

9    including (i) CCDH accessing Brandwatch, (ii) CCDH researching, writing, and publishing its

10   reports, (iii) advertisers viewing those reports, and (iv) advertisers deciding not to continue

11   marketing on X—and X's speculative loss of advertising revenues resulting from advertisers'

12   independent decisions to cease advertising on X.  *See Block v. Tobin*, 45 Cal. App. 3d 214, 219

13   (1975) ("Damages are not recoverable if the fact of damage is too remote, speculative or

14   uncertain.") (citations omitted); *Sorensen v. New Koosharem Corp.*, No. CV1501088RGKPJWX,

15   2015 WL 12426149, at *9 (C.D. Cal. Oct. 15, 2015) (granting motion to dismiss claim for

16   intentional interference with contractual relations "[b]ecause the relationship between the alleged

17   interference and resulting damages is too attenuated").  X's tort claims against ECF therefore fail

18   and must be dismissed.

19   **V.**    **CONCLUSION**

20        For the foregoing reasons, ECF respectfully requests that this Court grant its motion and

21   enter an Order dismissing the AC as to ECF with prejudice.

22    Dated: November 16, 2023               MANATT, PHELPS & PHILLIPS, LLP

23

24                                          By: _____

25                                              Nathaniel L. Bach
                                                Thomas Worger
26                                              Kyla Núñez

27                                              Attorneys for Defendant
                                                STICHTING EUROPEAN CLIMATE
28                                              FOUNDATION

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

15                    ECF'S MOTION TO DISMISS & JOINDER
                                                3:23-CV-03836-CRB