Esha Bhandari (*pro hac vice application pending*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
ebhandari@aclu.org
*Attorney for* Amici Curiae

Matthew T. Cagle (SBN 286101)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
(415) 293-6336
mcagle@aclunc.org
*Attorney for* Amici Curiae

Cindy Cohn (SBN 145997)
Andrew Crocker (SBN 291596)
Aaron Mackey (SBN 286647)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
cindy@eff.org
*Attorneys for* Amicus Curiae *Electronic Frontier Foundation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| X CORP.,<br><br>Plaintiff,<br><br>v.<br><br>CENTER FOR COUNTERING DIGITAL HATE, INC., et al.,<br><br>Defendants. | Case No. 3:23-CV-03836-CRB<br><br>MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA, ELECTRONIC FRONTIER FOUNDATION, AND KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY IN SUPPORT OF DEFENDANT CENTER FOR COUNTERING DIGITAL HATE, INC.. |

The American Civil Liberties Union (ACLU), American Civil Liberties Union Foundation of Northern California (ACLU-NC), Electronic Frontier Foundation (EFF), and Knight First Amendment Institute at Columbia University (Knight Institute), by and through undersigned counsel, respectfully move for leave to file the attached Brief of *Amici Curiae* in support of Defendant Center for Countering Digital Hate, Inc. (CCDH US) in the above-captioned case.[1] In support of this motion, *amici* state the following:

"The district court has broad discretion to appoint amici curiae." *NetChoice, LLC v. Bonta*, No. 22-CV-08861-BLF, 2023 WL 6131619, at *1 (N.D. Cal. Sept. 18, 2023) (citation omitted). "There are no strict prerequisites to qualify as amici. . . . Amici need show only that their participation is useful to the court." *Id.* (citation and quotation marks omitted); *see also* Fed. R. App. P. 29(a)(3) (motion for leave to file must state the movant's interest, the reason why an *amicus* brief is desirable, and why the matters asserted are relevant to the disposition of the case). The "classic role" of *amici* includes "assisting in a case of general public interest" and "supplementing the efforts of counsel." *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982).

Each of the *amici* has a strong interest in the issues before the Court. The ACLU is a nationwide, nonprofit, nonpartisan organization dedicated to defending the principles of liberty and equality embodied in the Constitution. The ACLU was counsel for the plaintiffs in *Sandvig v. Barr*, a lawsuit claiming researchers' First Amendment right to engage in digital journalism techniques to study online platforms. 451 F. Supp. 3d 73 (D.D.C. 2020). The ACLU-NC is an

---

[1] No party's counsel authored the proposed brief of *amici curiae* in whole or in part nor contributed money that was intended to fund preparing or submitting the brief. No person other than *amici* contributed money that was intended to fund preparing or submitting the brief. *See* Fed. R. App. P. 29(a)(4)E).

affiliate of the national ACLU. The ACLU and its affiliates share a longstanding commitment to freedom of speech and digital rights and have served as counsel or *amicus curiae* in multiple cases concerning the rights of academic researchers and data journalists to conduct critical investigative work about online platforms that is essential to inform the public. *See, e.g.*, *Van Buren v. United States*, 141 S. Ct. 1648 (2021) (*amicus*); *S.C. State Conf. of NAACP v. Kohn*, No. CV 3:22-01007-MG2023, 2023 WL 144447 (D.S.C. Jan. 10, 2023) (counsel).

EFF is a nonprofit, member-supported civil liberties organization working to protect rights in the digital world. With nearly 30,000 active donors and dues-paying members, EFF represents the interests of technology users in court cases and broader policy debates surrounding the application of law in the digital age. EFF's interest in this case is in the principled and fair application of laws, including terms of service and computer crime laws, to online activities like research and journalism. Additionally, as part of its Coders' Rights Project, EFF offers pro bono legal services to researchers engaged in cutting-edge exploration of technology whose work in the public interest may be unjustly chilled by overzealous application of contract law. EFF has also served as counsel or *amicus curiae* in key cases addressing the application of computer crime statutes, including *Van Buren*, 141 S. Ct. 1648 (*amicus*); *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985 (9th Cir. 2019) (*amicus*); *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180 (9th Cir. 2022) (*amicus*); *United States v. Nosal*, 676 F.3d 854 (9th Cir. 2012) ("Nosal I") (en banc) (*amicus*); *United States v. Nosal*, 844 F.3d 1024 (9th Cir. 2016) ("Nosal II") (*amicus*); *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058 (9th Cir. 2016) (*amicus*); *United States v. Valle*, 807 F.3d 508 (2d Cir. 2015) (*amicus*).

The Knight Institute is a non-partisan, not-for-profit organization that works to defend the freedoms of speech and the press in the digital age through strategic litigation, research, and public

education. The Institute's aim is to promote a system of free expression that is open and inclusive, that broadens and elevates public discourse, and that fosters creativity, accountability, and effective self-government. The Institute is particularly committed to illuminating the forces that are shaping public discourse online. It represents journalists and researchers who fear legal liability for violating the terms of service of Facebook and other major social media platforms in the course of studying the ways in which these platforms influence public discourse. In an effort to mitigate these fears, the Knight Institute has proposed that Congress establish a legislative safe harbor for privacy-preserving research that is in the public interest.

*Amici* respectfully submit that their proposed brief will significantly aid the Court in its resolution of this matter. In particular, *amici* write to inform the Court of the far-reaching implications of Plaintiff X Corp.'s breach of contract claim against CCDH US, expanding on arguments that CCDH US raised but did fully address in its briefing. *See* Defs. CCDH US & CCDH UK's Mot. Dismiss, Anti-SLAPP Mot. Strike & Mem. P. & A. Supp. 13–15, ECF No. 47.

*Amici*'s proposed brief argues that this Court should hold that the term of service prohibiting scraping Plaintiff's platform cannot be enforced against CCDH US as void for public policy because this case involves critical speech in the public interest. Courts cannot, and should not, allow private companies like Plaintiff to wield breach of contract claims as a weapon to punish criticism and to secure damages stemming solely from claimed reputational harm resulting from that criticism. California has a clear doctrine of preventing the enforcement of contractual clauses that run contrary to public policy, including a firm policy of protecting those who speak in the public interest, as enshrined in the First Amendment to the U.S. Constitution; article I, section 2 of the California Constitution; and the California anti-Strategic Lawsuit Against Public Participation (anti-SLAPP) law. Where, as is the case here, a party attempts to use an anti-scraping

contract term to bypass the high standard for defamation claims and circumvent public policy protections for speech contributing to public discourse, a court should decline to enforce the contract term as void for public policy.

Moreover, this contract dispute has implications beyond the parties to this case. Allowing Plaintiff to succeed here will not only hurt CCDH US's ability to continue research in the public interest but will also create significant dangers for others seeking to use basic digital tools—like scraping—to provide the public with insight about the powerful platforms that we all now rely upon for news and information.

CCDH US has consented to the filing of the proposed brief. *Amici* understand that Plaintiff intends to oppose the filing of the proposed brief. *See* Joint Stip. & Order Extend Page Limits CCDH US & CCDH UK's Joint Consolidated Mot. & X Corp.'s Opp'n 2, ECF No. 44.

Mindful of the Court's limited judicial resources, *amici* do not seek to intervene as a party or receive any oral argument time. Permitting *amici* to file the attached brief will not prejudice any party or delay resolution of this matter. Indeed, Plaintiff has already received an extension on the page limit of its opposition brief, and appears ready to address the arguments of *amici*. *See id.*

WHEREFORE, the ACLU, ACLU-NC, EFF, and Knight Institute respectfully request leave to file the attached Brief of *Amici Curiae*.

Dated:   November 24, 2023

Esha Bhandari (*pro hac vice application pending*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
ebhandari@aclu.org
*Attorney for* Amici Curiae

/s/ Matthew T. Cagle
Matthew T. Cagle (SBN 286101)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
(415) 293-6336
mcagle@aclunc.org
*Attorney for* Amici Curiae

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Cindy Cohn (SBN 145997)
Andrew Crocker (SBN 291596)
Aaron Mackey (SBN 286647)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
cindy@eff.org
*Attorneys for* Amicus Curiae
*Electronic Frontier Foundation*