J. JONATHAN HAWK (SBN 254350)
jhawk@mwe.com
**McDERMOTT WILL & EMERY LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone:    1 (310) 277-4110
Facsimile:    1 (310) 277-4730

RICHARD D. SALGADO (*Pro Hac Vice* Application Forthcoming)
rsalgado@mwe.com
JORDAN KAZLOW (*Pro Hac Vice* Application Forthcoming)
jkazlow@mwe.com
LUCAS J. HALE (*Pro Hac Vice* Application Forthcoming)
lhale@mwe.com
**McDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone:    1 (214) 295-8000
Facsimile:    1 (972) 232-3098

Attorneys for Plaintiff X CORP.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| X CORP., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>CENTER FOR COUNTERING DIGITAL HATE, INC., a Washington D.C. non-profit corporation; CENTER FOR COUNTERING DIGITAL HATE LTD.*,* a British non-profit organization; STICHTING EUROPEAN CLIMATE FOUNDATION; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  3:23-cv-03836-CRB<br><br>**X CORP.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITIONS TO DEFENDANTS' MOTIONS**<br><br>Date: February 23, 2024<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor<br>Judge: Hon. Charles R. Breyer |

Plaintiff X Corp. respectfully requests that, in determining the Motion to Dismiss filed by defendant Stichting European Climate Foundation ("ECF"), brought under Federal Rule of Civil Procedure ("Rule") 12(b)(2) and Rule 12(b)(6), and the Motion to Dismiss and Motion to Strike filed by CCDH,[1] brought under California's anti-SLAPP statute and Rule 12(b)(6), the Court: under the incorporation by reference doctrine, take judicial notice of documents identified below that are alleged in X Corp.'s Amended Complaint and support certain of its claims; and, under Federal Rule of Evidence ("FRE") 201, take judicial notice of certain documents identified below that are publicly available on websites and not subject to reasonable dispute.  All documents subject to this request are attached.

## I. The Court May Take Judicial Notice of Documents Incorporated by Reference in X Corp.'s Amended Complaint

A court can incorporate by reference into a complaint documents whose contents are alleged in the complaint, and even documents whose contents are not explicitly alleged if the plaintiff's claim depends on the documents or contents thereof.  *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012); *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005).  The documents do not need to be physically attached to the complaint to invoke this doctrine.  *Davis,* 691 F.3d at 1160.  If a document is incorporated in either of these manners, the court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss."  *Id.* at 1160; *see Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Here, X Corp. requests that the Court take judicial notice of the following documents under the incorporation by reference doctrine, as they are extensively referenced in X Corp.'s Amended Complaint, their contents are alleged in that pleading, and certain of X Corp.'s claims depend on them and their contents:

> **Exhibit 1**: the Brandwatch Master Subscription Agreement (for Businesses) publicly accessible at http://www.brandwatch.com/legal/terms-and-conditions, including two sets of terms it incorporates -- the "Service Appendix" in effect prior to April 23, 2023 (publicly accessible, at

---

[1] CCDH means defendants Center for Countering Digital Hate, Inc. ("CCDH US") and Center for Countering Digital Hate Ltd. ("CCDH UK").

https://www.brandwatch.com/wp-content/uploads/2023/05/Prior-to-April-23-2023-Listening-Service-Appendix-1.pdf), and the "Management Service Appendix" in effect prior to April 23, 2023 (publicly accessible at https://www.brandwatch.com/wp-content/uploads/2023/05/Prior-to-April-23-2023Management-Service-Appendix-1.pdf). Accessed on December 21, 2023.

The Amended Complaint alleges that ECF agreed to terms and conditions with third party Brandwatch, "similar to those publicly available at http://www.brandwatch.com/legal/terms-and-conditions" and, pursuant to those contractual obligations, was prohibited from sharing with CCDH login credentials that Brandwatch provided to ECF to access non-public X Corp. data. Am. Compl., ¶¶ 35-37. Notably, Section 3 of the Brandwatch Master Subscription Agreement at the uniform resource locator ("URL") above expressly incorporates by reference the "Service Appendix" at https://www.brandwatch.com/legal/service-appendix, and includes a URL to the version of the Service Appendix (fka the Listening Service Appendix) in effect prior to April 23, 2023. The Service Appendix further includes a URL to the Management Service Appendix in effect prior to April 23, 2023, which by its terms supplements the Brandwatch Master Subscription Agreement.

The Amended Complaint alleges that ECF breached its obligations under its agreement with Brandwatch, shared the login credentials with CCDH US, and thus enabled CCDH to gain unauthorized access to that data and to engage in a further course of conduct that harmed X Corp. *Id.*, ¶¶ 39-51, 57, 65, 71, 80-99. ECF's conduct not only breached its own contractual obligations, but caused Brandwatch to breach its contractual obligations to X Corp. to ensure the non-public data that X Corp. provided it was kept secure and accessible to only authorized users. *Id.* ¶¶ 89-99.

Based on these allegations, including notably the contractual limitations on ECF's ability to use its login credentials from Brandwatch to access X Corp.'s non-public data, X Corp. asserts claims against both ECF and CCDH for violation of the Computer Fraud and Abuse Act ("CFAA"), intentional interference with contractual relations, and inducing breach of contract. Am. Compl., ¶¶ 80-99. ECF's and CCDH's respective motions each argue, however, that CCDH was an authorized user of ECF's login credentials under the terms of ECF's agreement with Brandwatch.

Under these circumstances, the entire Brandwatch Master Subscription Agreement during the time period relevant to the allegations in the Amended Complaint, i.e., since 2021, is the proper

subject of judicial notice under the incorporation by reference doctrine.[2] Its contents are alleged in the Amended Complaint, it is repeatedly referenced in the Amended Complaint, it forms the basis of parts of X Corp.'s claims against each of ECF and CCDH, and it goes to ECF's and CCDH's arguments in their motions that CCDH was an authorized user of the login credentials. *See In re Facebook, Inc.*, 402 F.Supp.3d 767, 790-791 fn. 12 (N.D. Cal. 2019) (incorporation by reference doctrine invoked to judicially notice not only Facebook's "Statement of Rights and Responsibilities" ("SRR") but also Facebook's "Data Policy" that was expressly referenced in the SRR, along with language providing a URL to the Data Policy and encouraging users to read it).

The accuracy of Exhibit 1 also cannot be reasonably disputed in light of the evidence that ECF submitted with its Motion, showing that ECF agreed to the Brandwatch Master Subscription Agreement, along with "the Listening Service Appendix which is available at https://www.brandwatch.com/legal/listening-service-appendix/ [and] the Master Subscription Agreement (dated 15 October 2022) which is available at https://www.brandwatch.com/legal/terms-and-conditions" in each of 2022 and 2023.  ECF 49-4 at 3; *see also* ECF 49-3 at 3 (same) and ECF 49-2 at 3 (agreeing to "Service Level Agreement" in 2021).

> **Exhibit 2**: X Corp.'s Terms of Service ("ToS").  These are publicly accessible at https://twitter.com/en/tos/previous/version-17, in X Corp.'s archive of past versions of the ToS, accessible at https://twitter.com/en/tos.  Accessed on December 21, 2023.

As to ECF, the Listening Service Appendix included as part of Exhibit 1 and discussed above expressly provides that "Customer will comply with the Twitter Terms of Service, usually at https://twitter.com/tos."  It expressly incorporates those terms (the "ToS") by reference, and they are properly the subject of judicial notice here. *In re Facebook, Inc.*, 402 F.Supp.3d at 790-791 fn. 12.

Indeed, they, as part of the contract that ECF is alleged to have entered into with Brandwatch, address ECF's argument that the Court cannot properly exercise personal jurisdiction over it.  The ToS demonstrate that ECF consented to personal jurisdiction, pursuant to Section 6 of the ToS ("[t]he laws of the State of California, excluding its choice of law provisions, will govern these Terms and

---

[2] X Corp. understands that certain of ECF's other agreements with Brandwatch are confidential and not in X Corp.'s possession, and X Corp. intends to seek discovery from ECF and Brandwatch to obtain all relevant agreements.

any dispute that arises between you and Twitter. All disputes related to these Terms or the Services will be brought solely in the federal or state courts located in San Francisco County, California, United States, and you consent to personal jurisdiction and waive any objection as to inconvenient forum").

As to CCDH, X Corp.'s first claim, for breach of contract against CCDH US, is premised, in part, on CCDH US being a registered user of the X platform ("X"), agreeing to the ToS accessible at https://twitter.com/en/tos, and thus agreeing to the ToS's provision that expressly prohibits scraping, i.e., Section 4 of the ToS. Am. Compl., ¶¶ 27, 53, 74-75. X Corp.'s breach of contract claim alleges that CCDH breached that provision by scraping X. *Id.*, ¶¶ 27, 52-53, 55, 70, 73-79. The Amended Complaint's allegations not only cite to the ToS, but include the URL where it can be found on the Internet and publicly accessed, quotes the ToS's relevant anti-scraping provision on which the breach of contract claim is premised, and cites it as well.

The ToS are thus properly the subject of judicial notice under the incorporation by reference doctrine. Notably, and while X Corp. has not been able to conduct discovery to identify precisely when the alleged scraping happened, previous versions of the ToS during the time period relevant to the Amended Complaint, accessible at https://twitter.com/en/tos/previous, contain the same anti-scraping provision.

## II.   The Court May Take Judicial Notice of Publicly Accessible Documents That Are Not Subject to Reasonable Dispute

The Court may also take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). This can include publicly accessible websites. *Perkins v. LinkedIn Corp.*, 53 F.Supp.3d 1190, 1204 (N.D. Cal. 2014).

Here, X Corp. requests that the Court take judicial notice of the following documents under this Rule, as they contain information from ECF's and its counsel's own websites, that goes to ECF's argument that it is burdened by having to litigate this case in the U.S.:

> **Exhibit 3**: ECF's "About" page on its website, at https://europeanclimate.org/about/, and a page on its website showing "Key Figures" at https://europeanclimate.org/funding-grantmaking/.

Accessed on December 21, 2023.

In support of its motion, ECF claims that, as a Dutch entity, it would be "great[ly]" burdened if it was required to litigate this case in the U.S., and away from either the Netherlands or the UK ECF 49, Mot. at 10-12.  Exhibit 3 is ECF's own characterization of its global reach going with numerous international offices, 213 employees, and operations that "support[] over 700 partner organizations" "far beyond [its] borders."

**Exhibit 4**: ECF's counsel's "About Us" page on its website, at https://www.manatt.com/about.   Accessed on December 21, 2023.

Also in relation to ECF's claim of burden, Exhibit 4 goes to ECF having retained national law firm with offices in Los Angeles, San Francisco, Silicon Valley, and other locations, with more than 450 lawyers.

For these reasons, X Corp. respectfully requests that the Court grant its request for judicial notice.

Dated: December 22, 2023          **McDERMOTT WILL & EMERY LLP**

By:   /s/ *J. Jonathan Hawk*
J. Jonathan Hawk (SBN 254350)
jhawk@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 277-4110
Facsimile: (310) 277-4730

Richard Salgado*
richard.salgado@mwe.com
Jordan Kazlow*
jkazlow@mwe.com
Lucas Hale*
lhale@mwe.com
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232 3098

*\* Pro Hac Vice application to be submitted*

**Attorneys for Plaintiff X Corp.**